UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARDO VALDEZ-CRUZ,

        Plaintiff,

-against-

SANDRA PEDDIE; GINA BARTON,

        Defendants.

23-CV-4537 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. By order dated June 8, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following facts are drawn from the complaint. Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, alleges that Defendant Sandra Peddie, a reporter with Long Island's Newsday, and Gina Barton, a reporter with Westchester's Journal News, injured his reputation by including allegedly false statements that Plaintiff was a police informant, in each of their published articles. He also alleges that, as a result of these articles, which he does not attach to the complaint, he was assaulted. He brings claims of defamation under New York State law and asserts that Defendants violated his federal constitutional rights. He seeks money damages in excess of $75,000.

**DISCUSSION**

A.   **Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

1. **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff's claims do not arise under the United States Constitution, or any other federal law. Plaintiff asserts that Defendants violated his federal constitutional rights by writing news articles for publication, allegedly describing him as a police informant. Private individuals, however, generally cannot be sued under the United States Constitution. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Moreover, a defamation lawsuit generally does not arise under any federal constitutional amendment; to assert a federal constitutional claim, a plaintiff must allege that a state actor caused the defamation and that the defamation caused an injury, separate from any reputational damage. *See, e.g.*, *Valmonte v. Bane*, 18 F.3d 992, 999, 1000-02 (2d Cir. 1994) (discussing procedural protections of the Fourteenth Amendment's Due Process Clause in cases where a state actor defamed a plaintiff and the plaintiff suffered a state-imposed injury as a result). Thus, the Court cannot exercise federal question jurisdiction of Plaintiff's defamation claims.

### 2. Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of any defamation claim Plaintiff may assert under New York law. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual has, "[a]t any given time, . . . but one domicile." *Id.*

Where a party is incarcerated, there is a rebuttable presumption that the individual retains his or her pre-incarceration domicile. *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007); *see Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

The complaint indicates that Plaintiff and the Defendants are New York residents. Plaintiff currently resides in Dutchess County, where he is serving a life sentence, without the possibility of parole, following his June 14, 2010 conviction of first-degree murder, in New York Supreme Court, Nassau County. *See Valdez-Cruz v. Racette*, No. 13-CV-3033, 2014 WL 3795577, *1 (E.D.N.Y. Aug. 1, 2014).[1] Because Plaintiff is serving a life sentence in New York,

---

[1] In an order denying Plaintiff's federal *habeas corpus* petition, filed in the Eastern District of New York, the Eastern District detailed Plaintiff's violation of orders of protection,

following his Nassau County conviction, for which he likely resided in New York, the Court finds, for the purposes of this order, that Plaintiff is domiciled in New York. Defendants also appear to be domiciled in New York. Although Plaintiff provides only work addresses for the Defendants, in Nassau and Westchester Counties, the Court assumes for the purposes of this order that, as New York reporters, they reside in this state. Accordingly, as Plaintiff has the burden to show that the Court has diversity jurisdiction of Plaintiff's state law claims, and the complaint indicates that the parties are not of diverse citizenship, Plaintiff has failed to plead adequate information to satisfy the Court that it may exercise diversity jurisdiction of Plaintiff's state law defamation claim.

**B.     Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid state law claim of defamation, the Court grants Plaintiff 30 days' leave to amend his complaint to show that the parties are of diverse citizenship.

---

issued by a Nassau County state court, before murdering his ex-girlfriend. *See Valdez-Cruz*, 2014 WL 3795577, *1-2. The order does not expressly state that Plaintiff resided in Nassau County, before the murder, but the account presented by the Eastern District strongly suggests that he did.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 30, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge